## APPEAL OF H. C. HOFFMAN.

Docket No. 6611.   Decided July 28, 1926.

Upon the evidence, the petitioner's claim for deduction of bad debts for 1919 allowed, and disallowed for 1920.

*C. Parks, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before STERNHAGEN and LANSDON.

The Commissioner has found a deficiency of $1,880.13 in taxes due for the year 1920 and $104.28 for 1921, arising from his disallowance

of taxpayer's deduction of $14,000 for 1920 and $1,500 for 1921 on account of bad debts.

### FINDINGS OF FACT.

1. The taxpayer is a physician residing in the City of Connellsville, Pa., where he has been engaged in the practice of his profession since 1907.

2. In the autumn of 1916, L. S. Brown, manager of the Underwriters' Corporation of Pittsburgh, introduced to him W. S. Maher, at that time a field agent writing insurance for the Meridian Life Insurance Co. and fiscal agent for the sale of the stock of Hoffman's, Inc. Maher established an office at Connellsville. Inquiries made by the petitioner convinced him that Maher had good financial standing and was efficient in his business and reliable.

3. During the years 1916 and 1917, the petitioner loaned Maher about $49,000, and took his promissory notes therefor. Seven such notes dated, respectively, September 10, October 29, November 5, November 28, December 3, December 4, and December 10, aggregating $22,400, and running from one to three months, were submitted in evidence at the hearing of this appeal. All but one of these instruments are simply promissory notes, payable to Hoffman, signed by Maher, and endorsed by Hoffman, and all were discounted by various banks and the proceeds thereof paid to Maher. The exception is a collateral-security note in the amount of $2,400 with Maher and payee as above. There is nothing in the record to indicate that the specified collateral was not deposited by Maher. Another note in the amount of $3,500, made by Maher in favor of Hoffman, is dated August 28, 1919, payable in four months. This was renewal paper and was paid by Hoffman on December 29, 1919.

4. During the year 1920, the taxpayer became convinced that Maher could make no further payments on his notes. At that time Maher was without employment, had no assets of value, and was sick. The taxpayer then assumed responsibility for the notes that he had endorsed and given to Maher for discount. He took up all such outstanding paper, paying cash to the extent of his ability at that time and giving his own personal notes, secured by ample collateral, for the balance. Such notes were submitted in evidence by the petitioner. Since making these notes, the petitioner has made substantial cash payments on them and has made no collection from Maher. The notes given by Maher to Hoffman were without value at December 31, 1920, and their worthlessness was ascertained during that taxable year.

LANSDON: Since only questions of fact are involved in this proceeding, it is only necessary for the Board to say that the petitioner was entitled to deduct the amount of $14,000 in making his income-tax return for 1920. The evidence is persuasive that the paper in question was worthless at December 31, 1920, and that its worthlessness was ascertained in the taxable year in which it was charged off and deducted. *Appeal of Mt. Vernon National Bank*, 2 B. T. A. 581; *Appeal of Edward F. Dalton*, 2 B. T. A. 615.

The deduction of $9,500 claimed for 1921 was on account of a note ascertained to be worthless in 1920, and we approve the Commissioner in his action in disallowing that claim. *Appeal of Murchison National Bank*, 1 B. T. A. 617; *Appeal of West Virginia & Pennsylvania Coal & Coke Co.*, 1 B. T. A. 790; *Appeal of Dover Iron Co.*, 1 B. T. A. 1123.

> *Order of redetermination will be entered on 10 days' notice, under Rule 50.*